UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
GLENN BECK, et al.,                 )
                                    )
            Plaintiffs,             )
                                    )
v.                                  )      Civil Action
                                    )      No. 15-13662-PBS
FEDERAL BUREAU OF INVESTIGATION     )
et al.,                             )
                                    )
            Defendants.             )
_____ )

**ORDER re DEPARTMENT OF HOMELAND SECURITY DOCUMENTS**

July 12, 2016

Saris, C.J.

**INTRODUCTION**

On March 20, 2015, Glenn Beck served several government agencies, including the Department of Homeland Security (DHS), with third-party subpoenas for documents relating to the government's Boston Marathon Bombing investigation of Abdulrahman Alharbi, the plaintiff in a defamation case against Beck. Alharbi v. Beck, 14-cv-11550-PBS. In that defamation case, Alharbi alleges that primarily between April 19, 2013 and May 8, 2013, Beck stated on his radio show that, among other things, Alharbi was the "money man" who funded the marathon bombing attacks, that he was "armed and dangerous," and that he was a "proven terrorist." Alharbi contends that these statements are

1

untrue and that he has been publicly exonerated.[1] Alharbi has not intervened in this action between Beck and the government.

After several months of negotiations between Beck and the government agencies, the agencies produced 415 pages, some of which were heavily redacted and unreadable. Pursuant to this Court's March 14, 2016 Order, two agencies within DHS, United States Immigration and Customs Enforcement (ICE) and United States Customs and Border Protection (CBP), provided the Court with documents relating to their Boston Marathon Bombing investigation of Abdulrahman Alharbi for *in camera* review. ICE provided 144 pages, and CBP provided 351 pages. Both agencies supplied the Court with proposed redactions and codes identifying the bases for their proposed redactions (i.e. law enforcement privilege).

In the First Circuit, district courts conduct a deferential review of an agency's decision to withhold documents subject to a third-party subpoena and will only overturn the agency's decision if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." See Cabral v. U.S. Dep't of Justice, 587 F.3d 13, 23 (1st Cir. 2009). In deciding to withhold and redact certain documents, the

---

[1] The Court assumes familiarity with the factual background of the underlying case. See Alharbi v. Beck, 62 F. Supp. 3d 202, 205 (D. Mass. 2014).

agencies rely largely on the law enforcement privilege. Based on "the public interest in effective law enforcement," the First Circuit has recognized a law enforcement privilege which protects from disclosure "law enforcement techniques and procedures" that could jeopardize future investigations. Commonwealth of Puerto Rico v. United States, 490 F.3d 50, 64 (1st Cir. 2007). The privilege can "be overcome by a sufficient showing of need," and "courts must determine on a case-by-case basis whether a party has demonstrated an authentic necessity, given the circumstances, to overbear the qualified privilege." Id. at 62. "Certain procedures, such as in camera review of the requested materials . . . may aid in a court's assessment of these interests." Id. at 64 n.10.

After engaging in this deferential *in camera* review of the agencies' decisions to withhold and redact the documents, the Court finds that most of the documents should be turned over to Beck and Alharbi subject to the agencies' proposed redactions and this Court's June 13, 2016 protective order. Under the qualified law enforcement privilege, the Court accepts as reasonable many of the agencies' proposed redactions, for example, case identifying numbers, law enforcement officers' phone numbers, and internal law enforcement unit identifying names and numbers. The Court also permitted redactions where information was not relevant to Beck's defenses or included

private visa or passport numbers. The documents disclosed by CBP, however, were difficult to review due to the agency's over-inclusive proposed redactions, unexplained color-coding system, and the confusing acronyms and codes that pervaded the documents.

In his defamation case, Beck relies heavily on Exhibit 60, 14-cv-11550-PBS, Docket No. 82, Ex. 1 at 70-73, to prove that his statements regarding Alharbi being "armed and dangerous" and a "terrorist" were true. The timing of when the information contained in Exhibit 60, dated April 16, 2013, which may or may not have been approved, was disclosed to Beck or his staff, or if Beck was ever informed that law enforcement officials reached a different conclusion or abandoned these "terrorist" type labels, is critical to the case. Based on his reliance on this exhibit and the importance of establishing this timeline, Beck has shown a need for documents relating to Exhibit 60 sufficient to overcome the government's asserted law enforcement privilege. Therefore, this Court has overruled redactions in documents referring to Exhibit 60.

The Court has ruled on the following proposed redactions:
1. The agencies redacted certain information pursuant to 8 U.S.C. § 1202(f)[2] on documents relating to Alharbi's visa

---

[2] "The records of the Department of State and of diplomatic and consular offices of the United States pertaining to the issuance

information. Because the proposed redactions cover Alharbi's own visa information, the Court has overruled these proposed redactions on the following documents: ICE0002, ICE0006, ICE0012, ICE0016 (except for the actual email address), ICE0017, ICE0021 (except for the actual email address), ICE0022, ICE0023, ICE0027, ICE0032, ICE0036 (except for the actual email address), ICE0037, ICE0038, ICE0042 (except for the actual email address), ICE0043, ICE0052 (except for the identifying numbers), ICE0058 (except for the identifying numbers), ICE0068, ICE0076, ICE0083, ICE0090, ICE0098, and ICE0116.

2. The proposed redactions based on law enforcement privilege relating to the unit designation of "JTTF" and "National Security Unit" are overruled on the following documents: ICE0001, ICE0002, ICE0006, ICE0007, ICE0012, ICE0013, ICE0017, ICE0018, ICE0023, ICE0027, ICE0028, ICE0032, ICE0033, ICE0037, ICE0038, ICE0043, ICE0044, ICE0067, ICE0068, ICE0069, ICE0075, ICE0076, ICE0077, ICE0082,

---

or refusal of visas or permits to enter the United States shall be considered confidential . . . except that—
(1) in the discretion of the Secretary of State certified copies of such records may be made available to a court which certifies that the information contained in such records is needed by the court in the interest of the ends of justice in a case pending before the court." 8 U.S.C. § 1202(f).

    ICE0083, ICE0089, ICE0090, ICE0091, ICE0094, ICE0095, ICE0097, ICE0098, ICE0099, ICE0104, ICE0131, and ICE0135.

3. The proposed redactions based on law enforcement privilege relating to the "No Fly" list are overruled on the following documents: ICE0135 and ICE0136.

4. The proposed redactions on ICE0143 are overruled, because the document is already an exhibit in Beck's defamation case. Exhibit 61, 14-cv-11550-PBS, Docket No. 82, Ex. 1 at 75.

5. The Court has overruled many proposed redactions to the documents provided by CBP. Due to the large number of documents and the over-inclusiveness of proposed redactions, the Court has provided its rulings on the documents. The Court will make a copy of its rulings available to CBP. A representative from CBP should make arrangements with the Court to pick up its copy.

The agencies must remove the overruled redactions when they produce the documents for Beck and Alharbi.

    The Court orders that the agencies provide the affidavits of Derek Benner, Scott Falk, and Neal Swartz to Beck and Alharbi to aid their understanding of the redacted documents. In Scott Falk's second declaration, CBP may redact the name of the individual in paragraph 11 and the internal case code in paragraph 5. In Derek Benner's second declaration, ICE may

6

redact the unit identification codes, except for "Joint Anti-Terrorism Task Force," in paragraphs 21-22; the database codes in paragraphs 23-25; the web address in paragraph 29; and the document identifiers in paragraphs 30-31.

## ORDER

The government's Motion for Judgment as a Matter of Law on the Administrative Record (Docket No. 24) and Beck's Cross-Motion for Judgment on the Pleadings (Docket No. 33) are **ALLOWED** in part and **DENIED** in part in accordance with this order and this Court's prior orders at Docket Numbers 62-65. ICE and CBP are ordered to produce the following documents to Beck and Alharbi: ICE0001 to ICE0144 and CBP000001 to CBP000351 as redacted in accordance with this order.

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge